# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**RICHARD MASCARENAS,**

        **Plaintiff,**

v.                                          **CIV. No. 97-1407 JP/LFG**

**SAN JUAN COUNTY, BOARD OF**
**COUNTY COMMISSIONERS OF**
**SAN JUAN COUNTY, TONY ATKINSON,**
**JAMES SMITH, in their individual and**
**official capacities,**

        **Defendants.**

## MEMORANDUM OPINION AND ORDER

Plaintiff works for Defendant San Juan County as a bid specialist in the purchasing department. San Juan County has written policy of giving hiring preference to qualified county employees for job openings. Plaintiff claims that Defendants' failure to promote him to the position of Purchasing Director violated his Fourteenth Amendment rights to substantive due process, procedural due process, and equal protection, and also constituted a breach of the employment contract.

On November 18, 1998 Defendants filed their Motion for Summary Judgment (Doc. No. 30). On the same day, Plaintiff filed his Motion for Partial Summary Judgment (Doc. No. 38) on his claim of procedural due process. On January 5, 1999, a pretrial conference was held at which the motions were discussed. I have carefully considered the law and the briefs, and for the reasons stated below, Defendants' motion should be granted with respect to Count I (procedural

due process), Count II (substantive due process), and Count III (equal protection) of Plaintiff's Complaint. Count IV (breach of contract) should be dismissed without prejudice so that Plaintiff may pursue that claim in state court. Plaintiff's Motion for Partial Summary Judgment should be denied.

## **Substantive and Procedural Due Process**

To establish a valid Section 1983 claim of violation of federal constitutional rights, a plaintiff must demonstrate that the conduct complained of was committed by a person acting under state law and that the "conduct deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327, 330, 106 S.Ct. 662, 664 (1986)). The Fourteenth Amendment's due process guarantee applies to public employees who have a "property interest" in the terms or conditions of their employment. See Board of Regents v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709 (1972).

In order for Plaintiff Mascarenas to pursue a Fourteenth Amendment due process claim, he must demonstrate that he had a property interest in the promotion he was denied. See, e.g., Roth, 408 U.S. at 577, 92 S.Ct. at 2709; Stuart v. Roache, 951 F.2d 446, 455 (1st Cir. 1991), cert. denied, 504 U.S. 913, 112 S.Ct. 1948 (1992). The Tenth Circuit and other courts have stated that contractual rights are a species of property within the meaning of the Due Process Clause of the Fourteenth Amendment.[1] Jones v. University of Central Oklahoma, 13 F.3d 361,

---

[1] However, in a recent case the Tenth Circuit cast some doubt on this rule, stating in dicta, "Neither the Supreme Court nor this court has determined whether a state law contract right is a property right entitled to the protection of substantive due process." Curtis v. Oklahoma City Pub. Sch. Bd. of Education, 147 F.3d 1200, 1215 fn.17 (10th Cir. 1998).

2

365 (10th Cir. 1993); Charles v. Baesler, 910 F.2d 1349, 1352 (6th Cir.1990) (citing Perry v. Sindermann, 408 U.S. 593, 601-02, 92 S.Ct. 2694, 2699-2700 (1972)). See also Winegar v. Des Moines Indep. Community Sch. District, 20 F.3d 895, 899 (8th Cir. 1994). In this case, any contractual rights would be found in either the ordinance or the Personnel Handbook, or in some promise of promotion made by a Defendant to Plaintiff.

A property interest is also made out by a showing of a de facto system of conferring employment benefits where there are "mutually explicit understandings" which include a promise of the employment benefit. Dill v. City of Edmond, Oklahoma, 155 F.3d 1193, 1206 (10th Cir. 1998) (citing Perry v. Sindermann, 408 U.S. 593, 601, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972)); Williams v. West Jordan City, 714 F.2d 1017, 1019 (10th Cir. 1983). The existence of a custom or practice by a municipality in filling vacancies in a particular way may give rise to the necessary "mutually explicit understanding" between the municipality and the employee. See Jones v. University of Central Oklahoma, 13 F.3d 361, 363-64 (10th Cir. 1993).

However, courts have also held that where the appointing authority may consider factors in addition to ranking on an eligibility list or prior employment, the plaintiff's expectation of promotion based on such ranking or prior employment will not rise to the level of a "property interest" entitled to constitutional protection. Burrell v. Oklahoma Dept. of Transportation, 1994 WL 318685 at **1 (10th Cir. June 30, 1994); Stuart v. Roache, 951 F.2d 446, 455 (1st Cir. 1991); Burns v. Sullivan, 619 F.2d 99, 104 (1st Cir.), cert. denied, 449 U.S. 893, 101 S.Ct. 256 (1980). Conversely, if state statutes or regulations place substantive restrictions on a government actor's ability to make personnel decisions, then the employee has a protected property interest. Hennigh v. City of Shawnee, 155 F.3d 1249, 1253 (10th Cir. 1998). Property interests exist

when an employer's discretion is clearly limited so that the employee cannot be denied employment benefits unless specific conditions are met. Colburn v. Trustees of Indiana Univ., 973 F.2d 581, 589 (7th Cir. 1992); Wallace v. Robinson, 940 F.2d 243, 247 (7th Cir. 1991) (en banc), cert. denied, 503 U.S. 961, 112 S.Ct. 1563 (1992) ("Due process comes into play when substantive rules limit the reasons that support action.").

Under the circumstances of this case, Plaintiff did not have a property interest in the expectancy of a promotion to Purchasing Director because Defendants were able to consider factors beyond ranking on an eligibility list or prior employment. Burrell, 1994 WL 318685 at **1-2. Ordinance No. 16, which was in effect in October of 1995 when Defendant initially chose to hire Toby Cordell, instead of Plaintiff, as Acting Purchasing Director, allowed the County a large degree of discretion in making hiring decisions. The Ordinance stated:

> When practical, new and vacant positions will be filled from within by promoting qualified employees in this order:
> . . .
> B.   Promotions will be made on the basis of qualifications and merit as determined by a Department Head/Elected Official. . . .
> C.   Promotional selection should be based upon:
>    1.   demonstrated ability
>    2.   Prior work performance
>    3.   Attendance
>    4.   All things being equal, seniority

Defendant's Exh. C, Ordinance No. 16, §1.11 at 6. In addition, even the San Juan County

Personnel Handbook ("Handbook"), which went into effect on September 24, 1996[2], gave the Defendants considerable discretion:

> All positions shall be first offered to existing County employees. If a County employee is qualified and is accepted to fill a position, the position shall not be offered to the general public. This policy may be waived as necessary on a case-by-case basis by the County Manager. If no County employee is eligible for the County Preference, the position may be opened to the general public.

Plaintiff's Exh. 61, San Juan County Personnel Handbook, § 4.2 at 3. Although this portion of the Handbook is self-contradictory, it does state that an employee must be qualified for a position and that the County Manager may waive the county preference policy as necessary. Furthermore, while the Handbook states the county preference policy more strongly than does Ordinance No. 16, the Handbook still gives the County discretion.

Nor has Plaintiff demonstrated a "mutually explicit understanding" as to Defendant's hiring practices that would support his claim of a property interest in his right to a promotion. The evidence presented shows that the County had, at times, promoted from within the pool of county employees, and at other times hired from outside that group when no county employee was deemed qualified for the position. Atkinson Depo. at 28-30. Consequently, Plaintiff did not have a property right in the promotion he was seeking.

This decision is in accord with established precedent. Although the Tenth Circuit has not

---

[2] Although the Handbook itself states that it went into effect on September 24, 1996, the evidence shows that the Handbook was not distributed to employees immediately. Plaintiff did not receive a copy until January 15, 1997, after the decision to hire Mardell Miller as Purchasing Director was already made. Plaintiff's Exh. 75. Consequently, it is unclear whether the Handbook or Ordinance No. 16 was in effect at the time Miller was chosen to be Purchasing Director. In either case, Plaintiff did not have a property interest in the expectancy of a promotion.

addressed the issue, several other circuits have rejected attempts to classify an *expectancy* in a promotion as a property interest. See, e.g., Nunez v. City of Los Angeles, 147 F.3d 867, 872 (9th Cir. 1998); Wu v. Thomas, 847 F.2d 1480, 1485 (11th Cir. 1988); Griffith v. Federal Labor Relations Auth., 842 F.2d 487, 500-01 (D.C. Cir.1988); Bigby v. City of Chicago, 766 F.2d 1053, 1056-57 (7th Cir.1985); Robb v. City of Philadelphia, 733 F.2d 286, 293 (3d Cir.1984); Burns v. Sullivan, 619 F.2d 99, 104 (1st Cir.1980); Clark v. Whiting, 607 F.2d 634, 641 (4th Cir.1979); Schwartz v. Thompson, 497 F.2d 430, 433 (2d Cir.1974).

In short, Plaintiff did not have a property right in the promotion he hoped to receive. Consequently, he cannot claim that his rights to procedural and substantive due process were violated. As the Supreme Court cautioned in Bishop v. Wood,

> The federal court is not the appropriate forum in which to review the multitude of personnel decisions that are made daily by public agencies. We must accept the harsh fact that numerous individual mistakes are inevitable in the day-to-day administration of our affairs. The United States Constitution cannot feasibly be construed to require federal judicial review for every such error. In the absence of any claim that the public employer was motivated by a desire to curtail or to penalize the exercise of an employee's constitutionally protected rights, we must presume that official action was regular and, if erroneous, can best be corrected in other ways. The Due Process Clause of the Fourteenth Amendment is not a guarantee against incorrect or ill-advised personnel decisions.

Bishop v. Wood, 426 U.S. 341, 349-50 (1976).

**Equal Protection**

Title 42 U.S.C. § 1983 also provides for vindication of the right to equal protection under the Fourteenth Amendment. The Equal Protection Clause of the Fourteenth Amendment commands that no state shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a directive that "States must treat like cases alike but may treat unlike

cases accordingly." Vacco v. Quill, 521 U.S. 793, 799, 117 S.Ct. 2293, 2297 (1997). Unless a legislative classification or distinction burdens a fundamental right or targets a suspect class, courts will uphold it if it is rationally related to a legitimate end. Id. Plaintiff Mascarenas has not alleged that his equal protection rights were violated because he is a member of a suspect class, nor does he contend that a recognized fundamental interest has been burdened. Thus, in order to prevail on his equal protection claim, he must show that the Defendant treated him differently than others "similarly situated ... and that this different treatment lacked a rational basis." Landmark Land Co. of Oklahoma v. Buchanan, 874 F.2d 717, 722 (10th Cir. 1989). See also City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439-40, 105 S.Ct. 3249 (1985). "In cases where a classification burdens neither a suspect group nor a fundamental interest, 'courts are quite reluctant to overturn governmental action on the ground that it denies equal protection of the laws.'" Gregory v. Ashcroft, 501 U.S. 452, 470-71, 111 S.Ct. 2395, 2406-07 (1991) (quoting Vance v. Bradley, 440 U.S. 93, 97, 99 S.Ct. 939, 943 (1979)).

In this case, Plaintiff Mascarenas has failed to show that similarly situated county employees were promoted, while he was denied county preference without rational basis. Plaintiff argues that three other county employees were promoted despite prior problems at work or a lack of qualifications. Those employees were in departments different from that in which Plaintiff works and their situations were quite different; consequently, they are not similarly situated for the purposes of the Equal Protection Clause. For example, Robin Cobb was promoted to the position of Traffic Supervisor despite the fact that he had been reprimanded by his supervisor for bad behavior; however, there is no evidence in the record, nor does Plaintiff argue, that Cobb was not qualified for the position. Charlene Scott was promoted to the position of Assistant Personnel

7

Director, despite the fact that she was initially hired at a "learning wage" because she was still in the process of learning the job. Personnel Director Jim Smith stated that he hired Scott in this capacity because she possessed the skills and abilities he was looking for and because there was no urgent need to have an Assistant Personnel Director who was immediately able to perform the job. Smith Depo. at 101-02. Finally, Dave Keck was promoted to Assistant Public Works Director and again to Public Works Director. Although he did not have an engineering degree or license (listed job requirements for Public Works Director), County Manager Tony Atkinson still considered Keck to be qualified for the job and believed that Keck had been doing an excellent job as Acting Public Works Director.[3] Atkinson Depo. at 57, 59. In addition, Keck had been recommended by his supervisor and had been a key person in rebuilding the Department of Public Works. Id. at 83-84.

In contrast, Plaintiff's supervisor, Myrna Frame, did not recommend Plaintiff for the job of Purchasing Director. Instead, Frame recommended another county employee for the position. Frame Depo. at 26-28, 30. Although Plaintiff did not have any blemishes on his record, County Manager Tony Atkinson had concerns about Plaintiff's qualifications based upon some of his interactions with Plaintiff and complaints Atkinson had received about Plaintiff's work performance. Atkinson Depo. at 56, 69-71, 73-75. Because of these concerns about Plaintiff's qualifications and on-the-job performance, as well as the fact that Plaintiff did not work in the same department as any of the promoted employees, they were not similarly situated to Plaintiff.

In addition, Plaintiff has failed to show that the Defendants' decision to hire someone else

---

[3]There is evidence in the record that, before he was promoted, Keck testified under oath that he had permitted an unlicenced County employee to drive a County truck. However, there is no evidence that Defendants were aware of this testimony at the time they promoted Keck.

as Purchasing Director did not have a rational basis. Defendants have stated that Plaintiff's supervisor, former Purchasing Director Myrna Frame, did not recommend Plaintiff to take her place and did not think Plaintiff was qualified for the position. Frame stated that Plaintiff had some problems getting along with people. Frame Depo, Defendant's Exh. B at 28-30. County Manager Atkinson shared this view. Atkinson Depo., Defendant's Exh. A at 71.

### **Breach of Contract**

Plaintiff's remaining claim is a state law breach of contract claim. "[T]he most common response to a pretrial disposition of federal claims has been to dismiss the state law claim or claims without prejudice—that is the seminal teaching of United Mine Workers v. Gibbs, 383 U.S. 715 [ ](1966) . . . ." Ball v. Renner, 54 F.3d 664, 669 (10th Cir. 1995). See also 28 U.S.C. § 1367(c)(3) (stating that federal district court may decline to exercise supplemental jurisdiction over state law claims if the district court has dismissed all claims over which it has original jurisdiction). Dismissal of state law claims is dictated by concerns over "judicial economy, fairness, convenience, and comity." Ball, 54 F. 3d at 669. Only when there are compelling reasons to the contrary should a federal district court refrain from dismissing the state law claims. See id. Because resolution of this case involves the interpretation of local ordinances and New Mexico case law, the state law breach of contract claim should be dismissed without prejudice so that Plaintiff may pursue it in state court.

9

IT IS THEREFORE ORDERED that:

(1)  Defendant's Motion for Summary Judgment (Doc. No. 30) is GRANTED with respect to Plaintiff's claims that he was denied procedural due process (Count I), substantive due process (Count II), and equal protection of the laws (Count III) and those claims will be dismissed with prejudice;

(2)  Plaintiff's claim that Defendants breached their contract with him (Count IV) will be dismissed without prejudice; and

(3)  Plaintiff's Motion for Partial Summary Judgment (Doc. No. 38) is DENIED.

_James A. Parker_
**UNITED STATES DISTRICT JUDGE**